IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Flagstar Bank, F.S.B., | ) |
|                    Plaintiff, | ) Civil Action No.: 5:19-cv-00616-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Ruby Elaine Pinnex and Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial Network, Inc., | ) |
|                    Defendants, | ) |

This matter is before the court pursuant to the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 7), filed March 6, 2019, recommending that the case be remanded to the Court of Common Pleas in Calhoun County, South Carolina. *Pro se* Defendant Ruby Elaine Pinnex ("Pinnex") filed timely objections (ECF No. 15). For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report and **REMANDS** the case to the Court of Common Pleas in Calhoun County because this court does not have subject matter jurisdiction.[1]

## I. PROCEDURAL BACKGROUND

On March 2, 2019, Pinnex filed a Notice of Removal (ECF No. 1) seeking to remove a state mortgage foreclosure action associated with property located at 204 Baronet Lane, Elloree, South Carolina 29047. (ECF No. 1.) Pinnex alleged that she removed the action "for a Right to Review pursuant to" 5 U.S.C. § 702. (ECF No. 1-1 at 1.) Pinnex further alleged that removal was

---

[1] The court declines to rule upon Pinnex's pending Emergency Motion to Stay (ECF No. 10) and pending Amended Emergency Motion to Stay (ECF No. 12), as the court adopts the Magistrate Judge's Recommendation that it does not have jurisdiction over this case.

proper as Plaintiff:

> has brought this action against me into an administrative court, a foreign jurisdiction, in which this is a violation of a Treaty known as The Articles of Confederation and of the Expatriation Act of 1868. I also believe that they are also in violation of the Foreign Registration Act, Title 22 USC 611 and have filed a false claim with counterfeit securities against me.

(*Id.*) Pinnex also claimed the court has jurisdiction under diversity citizenship under the theory that her citizenship is "American" generally, but not of South Carolina specifically. (*Id.*)

On March 6, 2019, the Magistrate Judge issued a Report recommending that this court remand the case to the Court of Common Pleas in Calhoun County. (ECF No. 7.) Pinnex filed timely objections (ECF No. 15) on March 20, 2019.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1).

Any party may remove a state court action to federal district court pursuant to 28 U.S.C. § 1441 where the state action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). A case may be originally filed in a federal district court either under 28 U.S.C. § 1332 for diversity of citizenship and an amount in controversy greater than $75,000.00 or under 28 U.S.C. § 1331 where it arises under a federal

question. A federal court should remand the case to state court where no federal subject matter jurisdiction is evident from the face of the Notice of Removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Courts of this circuit have held that removal statutes favor remand where possible and are construed against removal jurisdiction. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.,* 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). Where subject matter jurisdiction is at issue, "courts are obligated to consider *sua sponte* issues." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III. ANALYSIS

Upon her review, the Magistrate Judge observed that Pinnex seeks removal, but fails to "identify a viable basis for jurisdiction." (ECF No. 7 at 2.) The Magistrate Judge observed that "[t]he essential allegations contained in the complaint do not allege that the case is one 'arising under the Constitution, laws, or treaties of the United States'" and "there are no federal statutes referenced in the complaint." (*Id.* at 3.) Moreover, Pinnex failed to cite to any federal statute, law, or act in support of the theory that the complaint raises a federal question. (*Id.*) The Magistrate Judge further observed that Pinnex was not eligible to remove the case based on diversity because she is a citizen of South Carolina, the forum state. (*Id.*) Pinnex timely objected, however her objections are vague, nonspecific, and fail to address the deficiencies laid out by the Magistrate Judge. (ECF No. 15.)

Pinnex seeks to raise a federal question where one does not exist and states, as a defense to the action that 22 U.S.C. §§ 611, 612 are "applicable in the United States." (ECF No. 15 at 2.) This is not a federal question because 22 U.S.C. §§ 611 and 612, as used for the purposes of legal proceedings, are tools of application and not interpretation and, therefore, fail to raise federal questions. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Pinnex next seeks to raise as a federal question the issue of standing. (ECF No. 15 at 3.) A party's standing to sue for recovery of property in a foreclosure procedure wholly governed by state law does not raise any federal questions.

In assessing the foregoing, the court observes that while "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues," Plaintiff's complaint raised no such issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308, 312 (2005). Specifically, the Complaint "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." (ECF No. 7 at 3 (quoting *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006)). There is no federal jurisdiction over a complaint that "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property."(ECF No. 7 at 3.)

Finally, "to the extent Pinnex seeks to remove this civil action based on diversity of citizenship pursuant to 28 U.S.C. § 1332, a case may not be removed to federal court where the defendant is a citizen of the forum state." (ECF No. 7 at 3 (citing 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005)).) An individual's citizenship for the purposes of diversity jurisdiction merely means the geographical state in which one intends to remain, and applies equally to foreign residents as it does to those claiming actual citizenship of the state in which they reside. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Here, Pinnex clearly admits to retaining citizenship in South Carolina through her residency and intentions to continue residency in said state for the purposes of diversity jurisdiction and the forum- defendant exception in § 1441(b)(2) despite written protestations. (ECF No. 1.)

As a result of the foregoing, the court concludes that Pinnex's objections (ECF No. 15) do not specifically answer the defects noted by the Magistrate Judge. (ECF No. 7.)

## IV. CONCLUSION

For the above reasons, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) and **REMANDS** the case to the Court of Common Pleas in Calhoun County because the court does not have subject matter jurisdiction. The court declines to rule upon all other pending motions (ECF Nos. 11, 12), as the court adopts the Magistrate Judge's recommendation that it does not have jurisdiction over this case. *See Goldsmith v. Mayor & City Council of Baltimore,* 845 F. 2d 61, 64 (4th Cir.1988) (A federal court has no power to rule on pending motions whenever the court lacks subject matter jurisdiction). The Clerk of Court is directed to send the official order to the Court of Common Pleas in Calhoun County.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 3, 2020
Columbia, South Carolina